IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02421-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

RAYMOND MARTINEZ,

FEB 1 7 2010

Applicant,

GREGORY C. LANGHAM
CLERK

v.

ARISTEDES ZAVARAS, Executive Director, Colorado Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

ORDER DISMISSING CASE IN PART AND DRAWING CASE IN PART
TO DISTRICT JUDGE AND TO MAGISTRATE JUDGE

I. Background

Applicant Raymond Martinez is a prisoner in the custody of the Colorado

Department of Corrections (DOC) at the Arkansas Valley Correctional Facility in

Crowley, Colorado.  Mr. Martinez, acting *pro se*, initiated this action by filing an

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the

validity of his Colorado state conviction entered on May 22, 2003.

On October 13, 2009, Magistrate Judge Boyd N. Boland directed Respondents

to file a Pre-Answer Response limited to addressing the affirmative defenses of

timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28

U.S.C. § 2254(b)(1)(A).  On October 28, 2009, Respondents filed a Pre-Answer Response.  Mr. Martinez filed a Reply on December 9, 2009.

In the Application, Mr. Martinez asserts that a trial jury found him guilty of first degree assault, possession with intent to distribute a schedule II controlled substance, possession of a controlled substance, special offender controlled substance with a deadly weapon, and four counts of habitual offender in Case No. 02CR4290 in the Denver County District Court of Colorado.  (Application at 2a.)  Mr. Martinez was sentenced to two 64-year terms for the assault and the intent to distribute convictions and to one 24-year term for the possession conviction.  (Pre-Answer Resp., Ex. G at 5.)  Mr. Martinez further asserts that he filed a direct appeal, in which the Colorado Court of Appeals vacated the conviction for possession of a controlled substance along with the imposed twenty-four year sentence.

In his direct appeal, Mr. Martinez filed a petition for certiorari review that was denied on January 17, 2006.  (Application at 3.)  He also filed a Colo. R. Crim. P. 35(b) postconviction motion on May 24, 2006, that was denied on July 26, 2006, and a Colo. R. Crim. P. 35(c) postconviction motion on November 16, 2006, that was denied by the trial court, and in which the Colorado Court of Appeals dismissed on appeal on May 7, 2009.  (Application at 4-4f.)

Mr. Martinez raises five claims in the instant action, including (1) trial court error for failure to find trial counsel conflict of interest; (2) trial court error for failure to have the habitual offender facts proven beyond a reasonable doubt by a jury; (3) unfair prejudice in allowing a drug-scale photograph into evidence and in requiring him to wear

a taser devise during trial; (4) double jeopardy violation in sentencing him to greater and

lesser included offenses; and (5) ineffective assistance of trial counsel.

In the Reply, Mr. Martinez concedes that Claim Four, the double jeopardy claim,

is moot.  The Court, therefore, will dismiss Claim Four and address only timeliness and

exhaustion issues as to Claims One through Three and Five.

II.  Analysis

The Court must liberally construe Mr. Martinez's Application because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act

as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

A.  Time Bar/28 U.S.C. § 2244(d)

Under 28 U.S.C. § 2244(d), the statute provides as follows:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a State court.  The limitation
period shall run from the latest of–

> (A)  the date on which the judgment became
> final by the conclusion of direct review or the
> expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing
> an application created by State action in
> violation of the Constitution or laws of the
> United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C)  the date on which the constitutional right
> asserted was initially recognized by the
> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or

> (D)  the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

Respondents contend that the Application is untimely.  They argue, relying on

*Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001), that for purposes of 28 U.S.C.

§ 2244(d) Mr. Martinez's conviction and sentence became final on April 17, 2006, ninety

days after the Colorado Supreme Court denied a petition for a writ of certiorari in the

direct appeal of his state criminal case.  Respondents further assert Mr. Martinez filed a

postconviction motion for sentence reconsideration on June 1, 2006, that was denied

by the trial court on July 20, 2006, and he filed a second postconviction motion on

November 22, 2006, that was dismissed on appeal on March 20, 2009.

Respondents contend that for the purposes of 28 U.S.C. § 2244(d) from April 17,

2006, when Mr. Martinez's conviction became final, until June 1, 2006, when he filed his

first postconviction motion, the time was not tolled for forty-four days.  Respondents

further contend that from July 20, 2006, when the trial court denied Mr. Martinez's first

postconviction motion, until November 22, 2006, when Mr. Martinez filed his second

postconviction, the time is not tolled for 125 days.  Respondents also contend that the

limitation period also ran from March 20, 2009, until October 2, 2009, when the one-

year time limitation expired, and the Application is untimely.

4

This Court agrees with Respondents that Mr. Martinez's conviction became final on April 17, 2006, ninety days after the Colorado Supreme Court denied his petition for certiorari review. *See* Sup. Ct. R. 13.1; *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  The Court also agrees with Respondents that Mr. Martinez filed his first postconviction motion on June 1, 2006, and the motion was denied by the trial court on July 20, 2006.  (*See* Pre-Answer Resp., Ex. G at 7.)  The Court further agrees that Mr. Martinez filed a second postconviction motion on November 22, 2006, that was dismissed on appeal on March 20, 2009.

However, contrary to Respondents' arguments regarding the tolling of the time for the purposes of § 2244(d), this Court finds that Mr. Martinez had forty-five days after the trial court denied his first postconviction motion on July 20, 2006, to appeal the denial of the motion.  Even though he did not appeal the denial of the motion, the time is tolled for forty-five days. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000). Therefore, the time is tolled from June 1, 2006, when he filed his first postconviction motion, until September 5, 2006. *See* Colo. App. R. 4(b) and 26(a) (the last day of the period computed is included unless it is a Saturday, Sunday, or holiday, in which case the period runs until the end of the next day that is not a Saturday, Sunday, or holiday). From September 6, 2006, the day after Mr. Martinez's first postconviction motion became final, until November 21, 2006, the day prior to when he filed his second postconviction motion, the time is not tolled for seventy-seven days.

Furthermore, from March 20, 2009, when the state court of appeals dismissed Mr. Martinez's second postconviction motion he had forty-six days to file a petition for

5

certiorari review in the Colorado Supreme Court. Colo. App. R. 52(b)(3). Even though

he did not seek certiorari review of the dismissal, the time is tolled for forty-six days.

*See Gibson*, 232 F.3d at 804. The second postconviction motion, therefore, became

final on May 5, 2009. From May 6, 2009, the day after the second postconviction

motion became final, until October 12, 2009, the day prior to when Mr. Martinez filed

this action, the time is not tolled for 160 days. The Court finds that the total time not

tolled for the purposes of 28 U.S.C. § 2244(d) is 281 days. The Application, therefore,

is timely.

### B. State-Court Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's

rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state courts. *See*

*Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of

the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been

presented to the highest state court in order to satisfy the fair presentation requirement.

*Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d

1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas

6

corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted).  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . .  For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims."  *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted).  Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review.  *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

7

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).   Mr. Martinez's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Respondents concede that Claims One and Two, and part of Claim Three, are exhausted.   Respondents argue, however, that Mr. Martinez has failed to exhaust state court remedies in Claim Five and the photograph claim in Claim Three.

### 1. Claim Three/Drug-Scale Photograph

Respondents argue that Mr. Martinez raised the issue of improper admission of the drug scale photograph only as a matter of state law in his opening brief in the Colorado Court of Appeals. (Pre-Answer Resp. at 10.)   Upon review of Mr. Martinez's opening brief, the Court finds that he relied on *People v. Caldwell*, 43 P.3d 663 (Colo. App. 2001), and *People v. Roy*, 723 P.2d 1345 (Colo. 1986), for the basis of his claim. (Pre-Answer Resp., Ex. A at 28.)   The issue in these cases was whether a defendant received a fair trial and whether the defendant was subjected to unfair prejudice.   (*Id.*) Mr. Martinez also asserts in the opening brief that admitting the photo as well as allowing the State to require Mr. Martinez to wear a taser unit during the trial in full view of the jurors is an aggregate of errors that result in an unfair trial.   (*Id.*)   As stated above, Mr. Martinez is not required to state book and verse of the federal constitution to

8

have fairly presented a constitutional claim in state court.  A claim that a defendant was

denied his right to a fair and unprejudiced trial implicates a defendant's constitutional

rights.  *See Knighton v. Mullin*, 293 F.3d 1165, 1171 (10th Cir. 2002) (considering

whether admission of evidence resulted in a fundamentally unfair trial).  Mr. Martinez

appears to have presented his drug scale photograph claim as a federal constitutional

issue in state court and has exhausted his state court remedies with respect to this

claim.

### 2.  Claim Five

Respondents argue that because Mr. Martinez failed to file an opening brief in

his appeal of the denial of the November 22 postconviction motion he has failed to

exhaust Claim Five.  (Pre-Answer Resp. at 12.)  Respondents conclude that Mr.

Martinez's Application is a mixed petition pursuant to *Rose v. Lundy*, 455 U.S. 509

(1982), and should be dismissed.  Mr. Martinez argues in his Reply that Claim Five is

procedurally defaulted rather than unexhausted.  Mr. Martinez contends that the state

court of appeals dismissed his appeal in the second postconviction motion, and Claim

Five now is barred in state court.

The time limitation established by Colo. Rev. Stat. § 16-5-402 is a firmly

established and regularly followed procedural rule.  *See Klein v. Neal,* 45 F.3d 1395,

1398 (10th Cir. 1995).  Section 16-5-402 provides that a defendant who has been

convicted of any felony, other than a class one felony,[1] must commence a collateral

---

[1] Neither Respondents nor Mr. Martinez has provided a copy of Mr. Martinez's mittimus.
The Lexis/Nexis Courtlink attached as Exhibit G does not indicate if any of the counts of which
Mr. Martinez was convicted were class one felonies. Mr. Martinez, however, in his Application
indicates that the counts were either a class two, three, or four felony.

attack of the conviction within three years of the date of the conviction.  Mr. Martinez is well beyond the time limitation for filing a postconviction motion.

The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions.  *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII). The exceptions are not applicable to Claim Five.  *Id.*  The Court, therefore, agrees with Mr. Martinez that he has procedurally defaulted Claim Five in state court.

Mr. Martinez argues in his Reply that due to the state's inability to adequately maintain and preserve the record of his case he was unable to advance his constitutional claims on appeal and any attempt by him to argue his claims was futile. (Reply at 25.)  Mr. Martinez further argues that because the trial court failed to produce the transcripts of his **preliminary hearing** he was not able to prove certain aspects of his postconviction claims on appeal and was not able to file an opening brief, which resulted in the court of appeals dismissing his appeal.  (Reply at 20-21.)

Nothing Mr. Martinez presents in Claim Five challenges the trial counsel's actions during the preliminary hearing.  Mr. Martinez states in Claim Five that trial counsel was ineffective because he (1) failed to use a peremptory challenge to remove a prospective juror; (2) failed to draft and provide an accurate jury instruction to the jury; (3) failed to object to the prosecution's continual referral to his prior felony convictions; (4) failed to consult and use experts; and (5) failed to object to his aggravated sentence.  Each of the subparts of Claim Five involve incidents that took place either during the trial or sentencing.

Furthermore, Colo. App. R. 31 sets forth the time within which an opening brief must be filed in the Colorado Court of Appeals. Rule 31 is an independent and adequate state procedural ground for dismissal of an appeal. Mr. Martinez's reason for failing to comply with Colo. App. R. 31 and to file an opening brief within the time allowed does not demonstrate cause and prejudice or a fundamental miscarriage of justice that would provide a basis for overcoming the state procedural default in Claim Five. The Court, therefore, will dismiss Claim Five as barred from federal habeas review.

III.  Conclusion

Based on the above findings, it is

ORDERED that Claims Four and Five are dismissed. It is

FURTHER ORDERED that Claims One, Two, and Three and the action shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this _16th_ day of ___February___, 2010.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-02421-BNB

Raymond Martinez
Prisoner No. 67275
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

Elizabeth Rohrbough
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

        I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2|17|10

                                    GREGORY C. LANGHAM, CLERK

                                    By: _____
                                              Deputy Clerk